1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   KITTY SNELL,

11                   Plaintiff,            CASE NO. 13-cv-05565 BHS

12          v.                             REPORT AND RECOMMENDATION
                                           ON PLAINTIFF'S COMPLAINT
13   CAROLYN W. COLVIN, Acting
     Commissioner of the Social Security   Noting Date: May 23, 2014
14   Administration,

15                   Defendant.

16

17       This matter has been referred to United States Magistrate Judge J. Richard

18   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19   4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20   271-72 (1976).  This matter has been fully briefed (*see* Dkt. Nos. 11, 12, 13).

21       After considering and reviewing the record, the Court finds that plaintiff has failed

22   to provide good cause for her failure to include new evidence into the record before the

23   ALJ and to the Appeals Council. Therefore, such new evidence should not be considered

24

1  by the Court. Furthermore, the ALJ did not err when reviewing the medical evidence; he

2  supported the rejection of Dr. O'Keefe's opinion and did not fail in his duty to develop

3  the record. Because, in addition, the ALJ's credibility determination is supported by

4  substantial evidence in the record, this matter should be affirmed pursuant to sentence

5  four of 42 U.S.C. § 405(g).

6  <u>BACKGROUND</u>

7  Plaintiff, KITTY SNELL, was born in 1952 and was 58 years old on the alleged

8  date of disability onset of February 1, 2011 (*see* Tr. 188). Plaintiff has at least a high

9  school education, and has past relevant work as a bar tender, short order cook, janitor,

10  and bar owner, which included duties such as "hiring, firing, bookkeeping, receiving

11  orders, ordering, maintenance, [and] arranging for day to day operations" (*see* Tr. 26, 41,

12  199).   At the time of the hearing, plaintiff was living with her partner, who supported her

13  (*see* Tr. 45).

14  Plaintiff has at least the severe impairments of degenerative disc disease and

15  osteoarthritis of the right ankle (20 CFR 404.1520(c)) (Tr. 19).

16  <u>PROCEDURAL HISTORY</u>

17  Plaintiff protectively filed an application for disability insurance ("DIB") benefits

18  pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act on July 14, 2011 (*see* Tr.

19  188-92). The application was denied initially and following reconsideration (Tr. 117-19,

20  124-25). Plaintiff's requested hearing was held before Administrative Law Judge Tom L.

21  Morris ("the ALJ") on September 10, 2012 (*see* Tr. 33-90). On October 29, 2012, the

ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 14-32).

On May 31, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2013 (*see* Dkt. No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on September 23, 2013 (*see* Dkt. No. 8).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the exhibits attached to Plaintiff's Brief are new evidence which should be considered; (2) Whether or not the ALJ fulfilled his duty to fully develop the record due to time limits on the hearing; (3) Whether or not the ALJ properly developed the record to find plaintiff can return to past work; (4) Whether or not the ALJ properly found plaintiff not credible; and (5) Whether or not the ALJ's RFC includes all limitations supported by the record (*see* Dkt. No. 11, p. 1).

Defendant summarizes the issues raised by plaintiff to be: (1) Did the ALJ properly evaluate the medical evidence of record when determining plaintiff's residual functional capacity; (2) Does substantial evidence support the ALJ's findings that plaintiff's allegations of disabling limitations were not credible; and (3) Did the ALJ consider a fully developed record when finding that plaintiff could perform both her past relevant work and other work in the national economy (Dkt. No. 12, p. 1).

1    The Court will follow plaintiff's organization.  And, it should be noted, that it is

2    helpful to the Court when the parties use the same organization, as it makes responding to

3    the issues raised much more straight forward.  Since plaintiff raises the issues on appeal,

4    generally speaking, defendant should respond to those issues, as raised.

5                                          STANDARD OF REVIEW

6          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

7    denial of social security benefits if the ALJ's findings are based on legal error or not

8    supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

9    1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

10   1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

11   such "'relevant evidence as a reasonable mind might accept as adequate to support a

12   conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

13   *Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989.

14

15                                              DISCUSSION

16   **(1)    Whether or not the exhibits attached to plaintiff's Brief are new**
17   **          evidence which should be considered by this Court.**

18         Plaintiff argues that because one page of her treating physician's functional

19   capacity questionnaire was missing from the record before the ALJ, the matter should be

20   remanded pursuant to Sentence 6, 42 U.S.C. §405(g).  On that missing page, Dr. Gemma

21   O'Keefe, M.D., set forth various limitations on plaintiff's need for five minute stretch

22   breaks, leg elevation, and lifting and postural restrictions (*see* Exhibit B, ECF No. 11, p.

23   3).  Plaintiff states that she attempted to provide this report to the ALJ and "through no

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1    fault of her own" the page was not received into the electronic record (ECF No. 11, p. 6).

2    Inexplicably, plaintiff also failed to submit this page to the Appeals Council and,

3    apparently, it was submitted to this Court by plaintiff for the first time as an exhibit to her

4    brief (ECF No. 11, Ex. B, p. 3).  As noted by defendant, "had Snell wanted this page in

5    the record, she could have submitted it to the Appeals Council after the ALJ's decision,

6    like she did with Exhibit 13F (Tr. 367-69).  *See* 20 CFR §404.976(b) (allowing

7    submission of new and material evidence to Appeals Council)" (ECF No. 12, p. 11).

8    Defendant argues that plaintiff has not shown good cause for failing to do so (*id.*).

9         This is an issue of jurisdiction, as this Court has jurisdiction to review this matter

10   pursuant to 42 U.S.C. § 405(g). The standard for new evidence that this Court must

11   consider is found within this statute. If the "new evidence" that a claimant wants a district

12   court to review is part of the administrative record when the case is brought before the

13   district court, as when, for example, a claimant presents new evidence for the first time to

14   the Appeals Council, then sentence four of 42 U.S.C. § 405(g) allows the district court to

15   affirm, modify or reverse the decision of the Acting Commissioner of Social Security

16   based on the "transcript of the record," as well as the pleadings. *Id.* As the "transcript of

17   record" includes new evidence presented for the first time to the Appeals Council, good

18   cause is not required for the district court to consider such evidence. *See* 42 U.S.C. §

19   405(g) (sentence four); *see also Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th

20   Cir. 2012).

21        If, however, as is the case herein, a plaintiff desires that the Court consider "new

22   evidence" that is not part of the record when plaintiff files the initiating complaint, then

the Court shall look to sentence six of 42 U.S.C. § 405(g) for jurisdiction. According to

sentence six, the Court "may at any time order additional evidence to be taken before the

[Acting] Commissioner of Social Security, but only upon a showing that there is new

evidence which is material and that there is good cause for the failure to incorporate such

evidence into the record in a prior proceeding;  .  .  .  .  ." *Id.* (sentence six).

      Here, the new evidence on which plaintiff relies is not part of the administrative

record, hence, sentence six allows this Court to consider this new evidence only when

good cause has been shown "for the failure to incorporate such evidence into the record

in a prior proceeding," such as the hearing before the Administration, or before the

Appeals Council. *See id.*

      Plaintiff has made little attempt to show good cause for the failure to correct the

record before the ALJ and the Appeals Council.  The record was available to plaintiff

and, for whatever reason, plaintiff did not submit the corrected record until the matter

appeared before this Court.  "To demonstrate good cause, the claimant must demonstrate

that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463

(9th Cir. 2001).  Plaintiff obviously had the entire report available earlier and does not

explain why it was not presented earlier.  While this may not be the only method of

showing "good cause," plaintiff has failed to make any showing whatsoever.  Therefore,

the case will not be remanded pursuant to sentence 6. *See id.*

**(2)    Whether or not the ALJ fulfilled his duty to fully develop the record due to time limits on the hearing.**

Plaintiff claims that the ALJ failed to fully and fairly develop the record by placing time limitations on claimant's presentation (ECF No. 11, pp. 7-8).  After reviewing the transcript, it is clear that the ALJ indicated he did not have a lot of time for the hearing and asked claimant to stay focused (Tr. 36).  Nevertheless, the ALJ provided counsel an opportunity to ask questions and counsel repeatedly acknowledged that he had received the answers and information that he requested.  For instance, after asking the vocational expert questions about past relevant work counsel acknowledged that he was done saying, "Okay, thank you" (Tr. 42).  Counsel asked further inquiry of claimant (Tr. 45-64).  At the close of the inquiry, counsel concluded by saying, "okay, I think that's it, judge" (Tr. 64).  At the end of additional questioning, counsel again noted "fair enough, okay, thank you, your honor" (Tr. 72). Finally, the ALJ asked counsel whether he had any more questions, and counsel stated that he did not (Tr. 79).  In summary, plaintiff has not demonstrated that the ALJ failed to fully and fairly develop the record by restricting claimant's presentation of evidence.

**(3)    Whether or not the ALJ properly developed the record to find plaintiff can return to past work.**

Plaintiff correctly points out that the ALJ erred in describing plaintiff's past relevant work as an "operations officer" under DOT 186.137-014 (Tr. 26).  In fact, plaintiff testified that she worked as a supervisor of criminal investigators for the State of Alaska Department of Permanent Fund Dividend (Tr. 54).  The job title of "operations officer" under DOT regulations is as follows:

1
2

> Supervises and coordinates activities of personnel involved in
> performing internal operations in department or branch office
> of financial institution:  .  .  .  .

3   DOT 186.137-014.

4        Since the State of Alaska is not a "financial institution," this is an inaccurate

5   description of her job. *See id.* Additionally, the definition provided by the DOT includes

6   job responsibilities that plaintiff did not perform, including controlling the supply of

7   money on hand, auditing accounts, and providing certifications to ensure compliance

8   with standard procedures and practices (*id.*).  Therefore, the ALJ committed error when

9   stating that plaintiff's past relevant work included work as an "operations officer."

10

11       But the analysis does not stop there.  The ALJ went on at step five to conclude that

12  even if plaintiff could not perform her past relevant work, according to the testimony of

13  the vocational expert, there were a number of other occupations that plaintiff was capable

14  of performing including: auditor, investigator, personal property assessor, credit card

15  clerk, mortgage loan computation clerk, cashier, statement clerk, collection clerk, storage

16  rental clerk, and cashier (Tr. 27-28).  An ALJ's error is harmless if it is "inconsequential

17  to the ultimate nondisability determination."  *Molina,* 674 F.3d at 1115 (citation omitted).

18  Although plaintiff argues that the ALJ erred in designating plaintiff's past work as a

19  "operations manager," plaintiff has made no showing that the vocational expert's

20  alternative findings were in error.  Therefore, the ALJ's error at step four is harmless.

21       With regard to plaintiff's argument that the ALJ failed to develop the record,

22  plaintiff again argues that the ALJ committed error at Step 4 and Step 5 by not allowing

23

24

1   adequate vocational expert cross examination (ECF No. 11, pp. 12-13).  This argument

2   has been discussed above and is incorporated again here.

3

4       **(4)    Whether or not the ALJ properly found plaintiff not credible.**

5       Plaintiff argues that the ALJ's findings regarding plaintiff's lack of credibility are

6   not supported by substantial evidence in the record.  First, plaintiff claims that the

7   inconsistent statements made by plaintiff to her health care providers do not necessarily

8   demonstrate that her statements are not credible (ECF No. 11, p.14).  Plaintiff claims that

9   her statements that she was living normally, walking, sitting, swimming and standing

10  were not inconsistent with her claim of complete disability because her symptoms varied

11  in intensity and functional effects (*id*.).  While this may be one way to interpret the

12  evidence, it is not the only way.

13      Plaintiff concedes that an inconsistency between medical reports and plaintiff's

14  statements can support a finding that a claimant such as plaintiff is not fully credible (*see*

15  Plaintiff's Opening Brief, ECF No. 11, p. 14 (*citing Bates v. Sullivan*, 894 F.2d 1059,

16  1072 (9th Cir. 1990)).  Therefore, the ALJ applied the correct legal standard when

17  providing a reason for discounting plaintiff's testimony (*see id.*).  Even if the record

18  could support an alternative interpretation of the evidence, the ALJ's credibility finding

19  must stand if substantial evidence supports it. *See Thomas v. Barnhart*, 278 F.3d 947, 954

20  (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601) (If the evidence "is

21  susceptible to more than one rational interpretation," including one that supports the

22  decision of the Commissioner, the Commissioner's conclusion "must be upheld").  While

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 9

1   this Court may have evaluated plaintiff's statements differently, it is not for this Court to

2   reweigh the evidence.  The ALJ applied the appropriate standard and substantial evidence

3   supports the finding that plaintiff's testimony was inconsistent with the medical records

4   (*see, e.g.,* Tr. 348 (commenting on plaintiff's statements to her doctor), ("Pretty happy

5   currently – live normally, walk, sit, swim, stand")).  As the ALJ provided a clear and

6   convincing reason for discounting plaintiff's credibility, the Court need not evaluate

7   further other reasons provided.

8          **(5)      Whether or not the ALJ's RFC includes all relevant limitations**
9                 **supported by the record.**

10          Plaintiff takes issue with the ALJ's discounting of Dr. O'Keefe's opinion that

11  plaintiff was limited in her attention and concentration skills.  The ALJ adopted Dr.

12  O'Keefe's opinion regarding a number of plaintiff's limitations, including limiting her

13  sitting to 30 minutes at a time for up to 4 hours in an 8 hour work day, with normal

14  breaks, and limiting her standing to 30 minutes at a time and standing or walking for up

15  to 4 hours in an 8 hour work day with normal breaks (Tr. 25).  The ALJ also accepted Dr.

16  O'Keefe's conclusion that plaintiff would be absent from work for one day a month due

17  to her condition (*id.*).  Also, Dr. O'Keefe concluded that plaintiff generally was receiving

18  appropriate relief for her back pain and that her reported pain generally was down to 3 of

19  10 (*id.*).

20

21          The one finding that the ALJ questioned was Dr. O'Keefe's conclusion that

22  plaintiff had limited attention and concentration due to interference from pain (Tr. 25,

23  365).  The ALJ noted that plaintiff specifically reported that her pain was down to 3/10

24

and also noted that Dr. O'Keefe made no notations regarding pain behavior that would support her opinion that plaintiff's concentration limitations were to the level indicated (Tr. 25).  In fact, Dr. O'Keefe's medical reports indicate that plaintiff's activities were inconsistent with these conclusions by Dr. O'Keefe (*see, e.g.*, Tr. 348).

Dr. O'Keefe's conclusions regarding plaintiff's attention and concentration also were contradicted in general by the opinions of consulting expert, Dr. Jeffrey Merrill, M.D. (Tr. 102-14), who reviewed plaintiff's mental capacities and found that her symptoms were unremarkable (*see, e.g.*, Tr. 110, 113).  His conclusion, in part, was based on an examination by Dr. Felicia A. Mueller, PSYD (*see* Tr. 110).  Dr. Meuller conducted an assessment on March 3, 2012 and concluded, among other things, that plaintiff had a GAF of 84, that claimant denied depressive mood, and that there were no observable signs or symptoms of depression during the evaluation (*see* Tr. 330-36).

Here, the ALJ provided reasons why he discounted Dr. O'Keefe's conclusions regarding concentration and persistence.  As noted by the ALJ, Dr. O'Keefe's conclusions are not supported by a detailed analysis as to why she believed plaintiff's concentration was limited and in addition, her treatment records are not consistent with this conclusion.  As plaintiff admits, "the ALJ may reject a doctor's limitations which are not supported by the record" (*see* ECF No. 11, p. 22). Plaintiff simply disagrees with the ALJ's alternative interpretation of the record. The ALJ gave specific, legitimate reasons for partially rejecting Dr. O'Keefe's opinion and those reasons are supported by substantial evidence in the record.

1    The ALJ chose to accept conclusions from other doctors regarding plaintiff's

2    attention and concentration over the conclusions of Dr. O'Keefe.

3    In general, more weight is given to a treating medical source's opinion than to the

4    opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing*

5    *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit,

6    "[b]ecause treating physicians are employed to cure and thus have a greater opportunity

7    to know and observe the patient as an individual, their opinions are given greater weight

8    than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.

9    1996) (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v.*

10   *Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept

11   the opinion of a treating physician, if that opinion is brief, conclusory and inadequately

12   supported by clinical findings or by the record as a whole. *Batson v. Commissioner of*

13   *Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan*

14   *v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d

15   947, 957 (9th Cir. 2002).

16   Here, Dr. O'Keefe's finding regarding plaintiff's attention and concentration was

17   "brief, conclusory and inadequately supported by clinical findings or by the record as a

18   whole," *Batson, supra*, 359 F.3d at 1195. Therefore, the ALJ's rejection of that singular

19   opinion was not error.

20   //

21   //

22   //

23

24

CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 23**,** 2014, as noted in the caption.

Dated this 29th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge